MIDDLEBURY ELECTRIC Co. *vs.* A. P. TUPPER, et al.

May Term, 1898.

Present: Ross, C. J., TAFT, ROWELL, TYLER, START and THOMPSON, JJ.

*Tenants in Common—Contribution—Repairs in More Expensive Material.*

Tenants in common are bound to contribute to the expense of necessary repairs, but not of permanent improvements.

It is no objection to a recovery of contribution among co-tenants for necessary repairs that the repairs are made of a material more expensive than the original, but of the same kind, if the increased expense is justified by greater durability,—as where a flume of hemlock and second growth pine is rebuilt of Georgia pine; but the expense of an increase in size is not recoverable.

CHANCERY.    Heard upon pleadings and master's report at the December Term, 1897, Addison County, before *Munson*, Chancellor, whose decree limited the recovery against the defendant Tupper to one-fifth of four hundred dollars.    The orator appealed.

*Button & Button* for the orator cited *Kidder* v. *Rixford*, 16 Vt. 169; *Sanborn* v. *Braley*, 47 Vt. 170; *Farrand* v. *Gleason*, 56 Vt. 633; *Webb* v. *Laird*, 59 Vt. 108: 62 Vt. 448; *Lamson* v. *Worcester*, 58 Vt. 381; 4 Kent's Com. 370; 1 Wash. Real Prop. 663; *Meeting House Society* v. *Rochester*, 66 Vt. 501; *Campbell* v. *Mesier*, 4 Johns. Ch. 333.

*W. H. Bliss* for the defendant Tupper cited *Kidder* v. *Rixford*, 16 Vt. 169; *Farrand* v. *Gleason*, 56 Vt. 633; 4 Kent's Com. (ed. 1896) 370, 371 and notes.

TYLER, J. The following are substantially the facts found by the master:

The orator and the defendants, A. P. Tupper and H. S. Peck, were tenants in common of a water power on the west side of Otter Creek in Middlebury and of a flume about one hundred and thirty feet long for the utilization of the power, about twenty feet of the flume being called the bulk-head. By the terms of the conveyances by which these two defendants acquired their rights as such tenants they were obliged each to contribute one-fifth part of the cost of building and keeping the flume and bulk-head in repair. On April 18, 1895, the gates and one side of the bulk-head were carried out by high water; the remaining portion of the bulk-head and a small part of the flume that remained adjoining it were in such a condition of decay that the proper repair of the flume necessitated rebuilding the bulk-head and the small portion of the flume adjoining it. In the summer following the orator proceeded to rebuild the bulk-head and the small portion of the flume.

The original flume was built of hemlock and second-growth pine. The material used in rebuilding it was Georgia pine, a more durable wood than that originally used and about twice as expensive, though its expensiveness was not out of proportion to its durability. The old bulk-head had rested upon timbers crossing each other at the ends. The new one rested upon a foundation of stone, and as preparatory to

the laying of this foundation, rock was blasted out. The original bulk-head was about twelve feet wide and eleven feet deep. For a distance of about eight feet the bottom of the bulk-head was lowered about three feet so as to provide a trap or sand box. The sides and end of the new bulk-head were carried up two feet higher than the old one had extended, and the new bulk-head was made three feet wider than the old one. Three supply gates were placed in the new bulk-head, the old one having had but two. In the new one there were two waste gates, while in the old there was but one. So far as the new structure differed from the old in respect to foundation, dimensions and adaptations, it was more serviceable than the old, and was more in accordance with modern methods of construction, and all the various changes, modifications and adaptations were improvements of a permanent character. The cost of the repairs and improvements was $791, which the master finds was reasonable. It did not appear that the conditions of the water supply taken by the bulk-head had undergone any change and a new bulk-head having the same shape, size, foundation and appliances as the old, would have rendered the same service that the old one had rendered.

If the new construction had been of the same shape and dimensions as the one it took the place of, and had been built with the same kind of foundation and the same appliances as had belonged to the former one, but built of Georgia pine or other equally good material, the cost, as nearly as can be estimated, would have been $525.

If the part which it was necessary to rebuild had been constructed in the same manner as that which it took the place of with a like foundation and of hemlock, the cost as nearly as could be estimated would have been $400.

The master further found that this work was done by the orator after notice to its co-tenants and their refusal to join therein. The only question submitted is, what part of the expense incurred can be recovered of defendant A. P. Tupper

as for repairs, the law being settled that the defendants are not liable to contribute for the expense of permanent improvements. *Farrand* v. *Gleason*, 56 Vt. 633.

The use of Georgia pine in rebuilding the flume was justifiable for it was of the same kind of material as that formerly used, but differed in quality, and though more expensive than hemlock, its durability was proportionately greater. The deepening and widening the flume, the rock blasting and laying a stone foundation for the bulk-head, and the additional supply and waste gates were all permanent improvements for the expense of which the defendants are not liable to contribute.

If the new bulk-head had been of the same dimensions as the old one, a stone foundation for it might have been considered repairs, for though more expensive it would have been more durable. The report furnishes no basis for the allowance of a part of the expense of the foundation as constructed.

> *Decree reversed and cause remanded with mandate that the orator have a decree against defendant A. P. Tupper to recover one-fifth of five hundred and twenty-five dollars.*